**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

TIMOTHY REIF, ET AL.,

                    **Plaintiffs,**        **23-cv-2443 (JGK)**

       **- against -**             **MEMORANDUM OPINION**
                                       **AND ORDER**

**THE ART INSTITUTE OF CHICAGO,**

                    **Defendant,**

**AN ARTWORK, RUSSIAN PRISONER OF WAR**
**(1916) BY THE ARTIST EGON SCHIELE,**

                **Defendant-in-Rem.**
_____

**JOHN G. KOELTL, District Judge:**

    The plaintiffs Timothy Reif, David Fraenkel, and Milos
Vavra -- the heirs of Franz Freidrich ("Fritz") Grünbaum --
brought this diversity action against the defendant the Art
Institute of Chicago. The plaintiffs assert claims for
declaratory judgment, conversion, and replevin, arising out of
the alleged theft of Russian Prisoner of War (1916) ("the
Artwork") from Grünbaum by the Nazi regime while Grünbaum was
imprisoned in the Dachau Concentration Camp.

    In an Opinion and Order dated November 24, 2023 (the
"Opinion"), this Court granted the defendant's motion to dismiss
the plaintiffs' claims. The plaintiffs now move for
reconsideration of that Opinion, ECF No. 75, and move to file a
second amended complaint, ECF No. 78. For the following reasons,

the plaintiffs' motion for reconsideration and motion for leave to file an amended complaint are **denied**.

I.

The Court assumes familiarity with the facts of this case, which are set out in detail in the Opinion. See Reif v. Art Inst. of Chicago, No. 23-cv-2443, 2023 WL 8167182, at *1-2 (S.D.N.Y. Nov. 24, 2023). The facts most relevant to the plaintiffs' motions are as follows.

The defendant acquired the Artwork in 1966. See Am. Compl. ¶ 155, ECF No. 15. In 2006, the plaintiffs made a demand on the defendant to return the Artwork. See Reif, 2023 WL 8167182, at *2. On February 3, 2006, the defendant declined to return the Artwork. See id.

The plaintiffs originally filed this action in New York State Supreme Court, New York County, on December 14, 2022. See id. at *1. The action was removed to this Court based on diversity of citizenship jurisdiction on March 22, 2023. See id. Applying New York law, the Court held that -- pursuant to New York's three-year statute of limitations on replevin claims, which accrue upon demand and refusal -- the plaintiffs' claims expired in 2009 and were therefore barred by the statute of limitations. See id. at *4-5. The Holocaust Expropriated Art Recovery Act Of 2016 ("HEAR Act") did not revive the plaintiffs' claims because the plaintiffs' claims fall within the exception

2

of the Act. See id. at *5-7. The Court also held that laches
barred the plaintiffs' claims. See id. at *7-10.

## II. Motion for Reconsideration

### A. Standard of Review

Reconsideration of a previous Opinion of the Court is an
"extraordinary remedy to be employed sparingly in the interests
of finality and conservation of scarce judicial resources."[1] In
re Beacon Assocs. Litig., 818 F. Supp. 2d 697, 701 (S.D.N.Y.
2011). To succeed on a motion for reconsideration, the movant
carries a heavy burden. The movant must show "an intervening
change of controlling law, the availability of new evidence, or
the need to correct a clear error or prevent manifest
injustice." Torres v. Carry, 672 F. Supp. 2d 346, 348 (S.D.N.Y.
2009). "A motion for reconsideration is not an opportunity for
making new arguments that could have been previously advanced."
Liberty Media Corp. v. Vivendi Universal S.A., 861 F. Supp. 2d
262, 265 (S.D.N.Y. 2012). Moreover, the "decision to grant or
deny a motion for reconsideration rests within the sound
discretion of the district court." Vincent v. The Money Store,
No. 03-cv-2876, 2014 WL 1673375, at *1 (S.D.N.Y. Apr. 28, 2014).

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal
alterations, citations, footnotes, and quotation marks in quoted text.

## B. Discussion

### i. Statute of Limitations

The plaintiffs' claims are barred by the statute of limitations. Because this action was brought in diversity, this Court, a federal court sitting in New York, is required to apply the New York laws on statutes of limitations. See Reif, 2023 WL 8167182, at *4 (citing Thea v. Kleinhandler, 807 F.3d 492, 497 (2d Cir. 2015)). The relevant New York law is N.Y. C.P.L.R. § 202, which provides that, where a cause of action accrued outside New York, the shorter of the statute of limitations of either New York or the state where the cause of action accrued must apply. See id. at *4-5. In this case, the cause of action accrued in Illinois, which has a five-year statute of limitations. Thus, New York's shorter, three-year statute of limitations applies.[2] See id. The defendant refused the plaintiffs' demand that the defendant return the Artwork in 2006, and therefore the plaintiffs' claims expired three years later, in 2009. See id. at *5. The HEAR Act did not revive the plaintiffs' claims because the plaintiffs knew of their claims after 1999 and failed to bring their claims during the three years that their claims were timely. See id. at *5-7 (citing

---

[2] Both the New York and Illinois statutes of limitations apply a demand-and-refusal rule. See Reif v. Art Inst. of Chicago, No. 23-cv-2443, 2023 WL 8167182, at *5 (S.D.N.Y. Nov. 24, 2023).

HEAR Act, Pub. L. No. 114-308, § 5(e), 130 Stat. 1524, 1527 (2016)).

The plaintiffs now attempt to contest the fact that their claims are plainly barred by striking and amending allegations in their complaint. However, their prior allegations are a matter of public record. Moreover, as explained below, the only way that the plaintiffs' claims could be timely is if the defendant acquired the Artwork by theft, but that is clearly not the case, and the plaintiffs do not argue that the defendant stole the Artwork. The Court addresses each of the plaintiffs' arguments in turn.

### a. Defendant's Counterclaim

Relying on N.Y. C.P.L.R. § 203(d), the plaintiffs initially argue that the defendant, by making an adverse possession counterclaim, (1) rendered the plaintiffs' untimely claims timely and (2) waived the defense of the statute of limitations. See Pls.' Mot. for Recons. 20-21.

Section 203(d) provides:

> A defense or counterclaim is not barred if it was not barred at the time the claims asserted in the complaint were interposed, except that if the defense or counterclaim arose from the transactions, occurrences, or series of transactions or occurrences, upon which a claim asserted in the complaint depends, it is not barred to the extent of the demand in the complaint notwithstanding that it was barred at the time the claims asserted in the complaint were interposed.

N.Y. C.P.L.R. § 203(d). In other words, "a defense [or
counterclaim] that would be time-barred as a claim for
affirmative relief may be used to reduce an adverse recovery
where the defense establishes an equitable defect inhering in
the adverse party's claim." 118 E. 60th Owners, Inc. v. Bonner
Properties, Inc., 677 F.2d 200, 203 (2d Cir. 1982). The
reasoning behind section 203(d) is that "it would be highly
inequitable to permit a party to place a question before a court
and then prevent the opposing party from disputing issues lying
at the foundation of the claim." Id.

The plaintiffs' reliance on N.Y. C.P.L.R. § 203(d) is
plainly misplaced. The plaintiffs' affirmative claims are
neither the "defenses" nor "counterclaims" contemplated in
section 203(d), as the plaintiffs attempt to argue. See Pls.'
Mot. for Recons. 21. The plaintiffs' affirmative claims of
ownership, see Am. Compl., are plainly not defenses or
counterclaims to the defendant's adverse possession
counterclaim, see Def.'s Countercl. ¶ 11, ECF No. 55. Indeed, as
the defendant points out, the plaintiffs asserted no affirmative
defenses in their answer to the defendant's counterclaim. See
Pls.' Answer to Def.'s Countercl., ECF No. 60.

In any event, this is a new argument and therefore cannot
be a basis for reconsideration. See Liberty Media Corp., 861 F.
Supp. 2d at 265. Accordingly, the defendant did not revive the

plaintiffs' time-barred claims nor waive the defense of the statute of limitations by asserting its counterclaim.

### b. Accrual in 1966

As to the Court's finding that the statute of limitations barred the plaintiffs' claims, the plaintiffs argue that they alleged the defendant "committed a New York tort in acquiring the Artwork in 1966[,] triggering a three-year statute of limitations that expired in 1969, and thus the claims were time-barred in 1969 and resuscitated and timely under the Hear Act[.]" Pls.' Mot. for Recons. 6.

However, "[a] motion for reconsideration is not an opportunity for making new arguments that could have been previously advanced." Liberty Media Corp., 861 F. Supp. 2d at 265. The plaintiffs failed to make this argument previously; in fact, the plaintiffs took several contrary positions. The plaintiffs first alleged that their claims accrued on March 22, 2023, the date the defendant allegedly refused the plaintiffs' demand by seeking removal to this Court. See Am. Compl. ¶¶ 186-88. Then, the plaintiffs argued that the Court should not consider New York law and instead should rely on the fact that "California, Illinois, Ohio and Pennsylvania . . . barred the [plaintiffs'] claims . . . by the 1960's or early 1970's." Pls.' Opp'n to Def.'s Mot. to Dismiss 50, ECF No. 38. Finally, at oral argument, the plaintiffs appeared to concede that they made a

7

demand -- and that therefore their claims accrued under New York law -- in 2006. <u>See</u> Oral Arg. Tr. 29:18-21, ECF No. 72. Because the plaintiffs never raised the argument that their claims accrued in 1966 in New York until now, they cannot seek reconsideration on that ground.

Furthermore, this argument is without merit. The essence of the argument is that the defendant was a "bad-faith possessor[,]" that the "statute of limitations runs against bad faith possessors at the time of acquisition," and that, as a result, the plaintiffs' claims accrued in 1966, were barred in 1969, and were revived by the HEAR Act. Pls.' Mot. for Recons. 6.

However, the plaintiffs made no factual allegations to support that contention; in fact, the contention is contrary to the allegations in the amended complaint. Nowhere in the amended complaint or the plaintiffs' opposition to the defendant's motion to dismiss did the plaintiffs explicitly accuse the defendant of theft or of acting in bad faith. Rather, all of the allegations in the amended complaint support the idea that the defendant is a good-faith possessor. The defendant gained possession of the Artwork in 1966. <u>See</u> Am. Compl. ¶ 155. The plaintiffs only made a demand on the defendant forty years later, in 2006. <u>See</u> <u>Reif</u>, 2023 WL 8167182, at *2. Had it been so clear that the Artwork was stolen, the plaintiffs would have

made a demand sooner than forty years after the defendant
acquired the Artwork. Indeed, the plaintiffs' own allegations
detail the difficulty of uncovering the provenance of the
Artwork and other works that belonged to Grünbaum. See Am.
Compl. ¶¶ 45, 47.

Even now, the plaintiffs do not accuse the defendant of
theft. The plaintiffs only accuse the defendant of "having
ignored government warnings . . . , failing to investigate . . .
, and overlooking . . . evidence . . . ." Pls.' Mot. for Recons.
7. As the defendant correctly argues, these allegations are
clearly distinguishable from allegations of theft. See Def.'s
Opp'n 10-11, ECF No. 81 (citing Wallace Wood Properties v. Wood,
117 F. Supp. 3d 493, 498 (S.D.N.Y. 2015) ("Plaintiff [alleging
theft] specifically alleges that Defendant was aware that she
did not have rightful title to the Original Artwork."), aff'd
sub nom. Wallace Wood Properties, LLC v. Wood, 669 F. App'x 33
(2d Cir. 2016)). There is no case that the plaintiffs cite where
courts have interpreted the New York rule to impute bad faith
upon current possessors who failed to conduct sufficient due
diligence.

Furthermore, accepting the plaintiffs' proposition would
lead to anomalous consequences. For example, the plaintiffs are
essentially asking the Court to invalidate the law that benefits
original owners of property by delaying the start of the statute

of limitations clock until after a demand is made and refused. See Solomon R. Guggenheim Found. v. Lubell, 569 N.E.2d 426, 430 (N.Y. 1991). This would bar the claims of many property owners who are not yet aware of the identity of a person who acquired stolen property and failed to exercise sufficient diligence to return the stolen property.

In summary, the plaintiffs cannot seek reconsideration on the basis that the defendant was a bad-faith possessor and that therefore the statute of limitations should have begun to run at the time of acquisition.

### c. Illinois Statute of Limitations

The plaintiffs also argue that the Court erred in "finding that the [plaintiffs] forfeited the argument that their claims would have been untimely in 2006 in Illinois by raising it for the first time at oral argument . . . ." Pls.' Mot. for Recons. 9. This argument is inconsistent with the requirement that the Court should apply the shorter of the New York statute of limitations and any other state's statute of limitations. See N.Y. C.P.L.R. § 202. It is also inconsistent with the plaintiffs' mistaken argument discussed above that this action is barred by the New York statute of limitations.

In any event, the plaintiffs cannot satisfy their burden of demonstrating a "need to correct a clear error or prevent manifest injustice." Torres, 672 F. Supp. 2d at 348. As an

initial matter, the plaintiffs misconstrue the Court's finding.
As the defendant correctly argues, the Court found that the
plaintiffs waived the argument that their claims were barred in
New York between 2006 and 2009. See Reif, 2023 WL 8167182, at *7
n.8. Nowhere does the Opinion state what the plaintiffs now
argue that it does.

    In any event, the Court considered the Illinois statute of
limitations and found that it did not affect the plaintiffs'
claims. More specifically, the Court considered Illinois's five-
year statute of limitations but found that -- pursuant to N.Y.
C.P.L.R. § 202 -- New York's shorter, three-year statute of
limitations controlled. See id. at *4-5.

    Accordingly, with respect to the Illinois statute of
limitations, the plaintiffs cannot demonstrate that there is
clear error or the need to prevent manifest injustice, see
Torres, 672 F. Supp. 2d at 348, or that the Court overlooked
controlling facts or law that might reasonably be expected to
alter the conclusion reached by the Court, see Albritton v.
Fredella, No. 22-cv-4512, 2023 WL 2057997, at *2 (S.D.N.Y. Feb.
16, 2023).

### d. HEAR Act Exception

    Finally, the plaintiffs argue that the Opinion should be
vacated because "the HEAR Act's exception requires the

11

[plaintiffs] to have had six years post-1999 during which their claims were not time-barred." Pls.' Mot. for Recons. 8.

However, the plaintiffs provide no reasoning as to why the Court's analysis of the HEAR Act's exception -- and subsequent finding that the exception did not apply to the plaintiffs' claims -- were wrong. Accordingly, the plaintiffs make no showing of a "need to correct a clear error or prevent manifest injustice[,]" Torres, 672 F. Supp. 2d at 348, required to prevail on a motion for reconsideration.

### ii. Laches

The plaintiffs' claims are also barred by laches. The issue of whether the plaintiffs' claims were barred by laches was decided in Bakalar, and the plaintiffs are collaterally estopped from relitigating the issue. See Reif, 2023 WL 8167182, at *10.

### a. Nagy

As to the Court's finding that laches bars the plaintiffs' claims, the plaintiffs initially argue that the Court impermissibly overlooked the New York state courts' findings in Reif v. Nagy, 80 N.Y.S.3d 629 (Sup. Ct. 2018), aff'd as modified, 106 N.Y.S.3d 5 (App. Div. 2019). See Pls.' Mot. for Recons. 9-16. The Court plainly did not "overlook" Nagy but discussed it extensively. See Reif, 2023 WL 8167182, at *9-10.

While the Court is bound by the law of New York as interpreted by the New York state courts, it is not bound to a

12

state court's application of a previously established rule to any particular set of facts. See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL, 739 F.3d 45, 48 (2d Cir. 2013). In this case, the plaintiffs confuse the facts for the substantive law. The plaintiffs claim that the Court is bound by the state courts' findings of fact in Nagy, namely that "the Nazis stole the artworks in the 1956 Gutekunst & Klipstein catalogue[,] . . . Mathilde Lukacs' testimony could not have been probative[,] . . . [and] the artworks [in the 1956 Gutekunst & Klipstein catalogue] are not part of a collection 'legally united in interest[.]'" Pls.' Mot. for Recons. 9-16. However, the Court is not bound by these findings of fact in the same way that the Court is bound by state courts' interpretations of New York state law. See Licci, 739 F.3d at 48. Moreover, the Court held that the finding in Nagy did not affect the result in this case because the facts in Nagy are completely distinguishable from the facts in this case. See Reif, 2023 WL 8167182, at *9.

Accordingly, the plaintiffs present no controlling facts or law that the Court overlooked that would warrant reconsideration of the Court's Opinion, see Albritton, 2023 WL 2057997, at *2, that "the defendant in this case . . . is not bound by the adverse findings in the Nagy case, in which it was not a party." Reif, 2023 WL 8167182, at *9.

**b. Bakalar**

Finally, the plaintiffs argue that Bakalar v. Vavra, 819 F. Supp. 2d 293, 296 (S.D.N.Y. 2011), aff'd, 500 F. App'x 6 (2d Cir. 2012), should not be given preclusive effect because, in their view, this case is distinguishable from Bakalar. See Pls.' Mot. for Recons. 16-20. However, in so arguing, the plaintiffs simply restate arguments that were previously raised. As such, the plaintiffs fail to point out controlling facts or law that the Court overlooked that would warrant reconsideration of the Court's Opinion. See Albritton, 2023 WL 2057997, at *2.

The plaintiffs contend that the defendant should be held to a "higher standard of due diligence" to investigate the Artwork's provenance because there were warnings about Nazi-looted art, the defendant is a "sophisticated collector," and there is evidence that Grünbaum owned the Artwork before World War II. Pls.' Mot. for Recons. 15-18. All of these contentions were raised in the plaintiffs' brief in opposition to the motion to dismiss. See Pls.' Opp'n to Def.'s Mot. to Dismiss 19-20, 61-62. However, the plaintiffs' arguments had no bearing on the end result. The plaintiffs were collaterally estopped from relitigating the fact that their claims were barred, which was raised, necessarily decided, and material to the decision in Bakalar. See Reif, 2023 WL 8167182, at *8-9. The plaintiffs fail to raise any controlling facts or law that the Court overlooked.

14

The plaintiffs also allege that, unlike in Bakalar, the defendant in this case was not prejudiced by Lukacs's death. See Pls.' Mot. for Recons. 18. This argument, too, was raised in the plaintiffs' papers and considered on the motion to dismiss. See Pls.' Opp'n to Def.'s Mot. to Dismiss 45, 57-58, 61-62. The plaintiffs provide no new facts or law that would alter the Court's finding that, "[i]n this case, . . . Lukacs . . . could have spoken to title and the circumstances pursuant to which she obtained the Artwork." Reif, 2023 WL 8167182, at *8 n.10. And in any event, the inability to access Lukacs's testimony was not the only form of prejudice to the defendant in this case. Id.

Lastly, the plaintiffs argue that the Opinion "should be vacated due to its failure to engage in individualized determination required by New York law of whether [the defendant] suffered a prejudice as a result of the [plaintiffs'] purported inaction[.]" Pls.' Mot. for Recons. 18-20. However, the plaintiffs again fail to identify any facts or controlling law that would alter the Court's finding. As an initial matter, contrary to the plaintiffs' argument that "the defense of laches cannot be raised in a motion to dismiss[,]" id. at 18, the Court of Appeals for the Second Circuit has found that "a determination [as to whether the plaintiff's claims are barred by the doctrine of laches] can be made on the pleadings." Zuckerman v. Metro. Museum of Art, 928 F.3d 186, 190 (2d Cir.

15

2019). Moreover, the plaintiffs read a "requirement of an individualized laches determination" into Judge Pauley's decision "den[ying] class certification in <u>Bakalar</u> . . ." that does not exist. Pls.' Mot. for Recons. 19. Rather, Judge Pauley found that "where several items are treated collectively for the purposes of knowledge, the current possessor may show a lack of diligence with respect to the collection as a whole, rather than the individual items." <u>Reif</u>, 2023 WL 8167182, at *9 (citing <u>Bakalar</u>, 819 F. Supp. 2d at 304-05).

In summary, the Court of Appeals for the Second Circuit upheld the district court's finding in <u>Bakalar</u> that the plaintiffs' claims were barred by laches because the plaintiffs' ancestors knew or should have known of a potential claim, took no action in pursuing it, and prejudiced Bakalar as a result of the delay. <u>See</u> 500 F. App'x at 9. The plaintiffs are collaterally estopped from relitigating that finding in this case. Accordingly, the plaintiffs' motion for reconsideration is **denied.**

### III. Motion for Leave to File an Amended Complaint

### A. Standard of Review

Rule 15(a) provides that courts should "freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, such leave need not be granted "[w]here a proposed amendment would be futile." <u>Hill v. Curcione</u>, 657 F.3d

16

116, 123-24 (2d Cir. 2011). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6)." In re Tribune Co. Fraudulent Conv. Litig., 10 F.4th 147, 175 (2d Cir. 2021).

The futility inquiry on a motion for leave to amend is "comparable to that required upon a [Rule 12(b)(6)] motion to dismiss." Aetna Cas. & Sur. Co. v. Aniero Concrete Co., 404 F.3d 566, 604 (2d Cir. 2005). In evaluating whether granting leave to amend would be futile, a court must consider both the proposed amendments and the original complaint, "accepting as true all non-conclusory factual allegations therein, and drawing all reasonable inferences in the plaintiff's favor." Pyskaty v. Wide World of Cars, LLC, 856 F.3d 216, 225 (2d Cir. 2017); see also Tribune Co., 10 F.4th at 175.

### B. Discussion

The plaintiffs' proposed amendments are futile because the amendments fail to cure the deficiencies of the prior complaint and fail to state a claim under Rule 12(b)(6).

With respect to the statute of limitations, the proposed amended complaint strikes previous allegations that the plaintiffs' claims arose on March 22, 2023 -- when the defendant allegedly refused the plaintiffs' demand by removing the action to this Court -- and instead alleges that the plaintiffs' claims

17

accrued in 1966, expired in 1969, and were revived by the HEAR Act. <u>See</u> Redlined Proposed Am. Compl. 41-43, ECF No. 80-41 ("Proposed Am. Compl."). As previously stated, the plaintiffs' claims did not accrue in 1966 upon the defendant's acquiring the Artwork. First, the plaintiffs do not adequately allege that the defendant was a bad-faith possessor, such that the plaintiffs' claims would accrue immediately upon possession. <u>See</u> Proposed Am. Compl. 32-39 (alleging lack of diligence, ignoring public warnings, and constructive notice based on pre-World War II evidence). Furthermore, the plaintiffs do not allege that they made a demand that the defendant refused in 1966. Finally, the plaintiffs' new proposed claim for a constructive trust does not affect this analysis. Constructive trust claims are subject to a six-year statute of limitations. <u>See</u> <u>Bice v. Robb</u>, 324 F. App'x 79, 81 (2d Cir. 2009) (citing N.Y. C.P.L.R. §§ 213(1)-(2)). The plaintiffs' constructive trust claim would have accrued in 2006 when the defendant refused its demand, the statute of limitations would have run in 2012, and the HEAR Act would not have revived the claim because the plaintiffs had the opportunity to bring the claim after 1999. <u>Cf.</u> <u>Reif</u>, 2023 WL 8167182, at *4-7. In other words, the plaintiffs' new constructive trust claim would, like the plaintiffs' other claims, be barred by the statute of limitations. Accordingly, the proposed amendments are futile because they fail to overcome

the Court's finding that the statute of limitations barred the plaintiffs' claims.

As to laches, the plaintiffs argue that the proposed amended complaint "contains particularized allegations demonstrating that this action is not barred by . . . collateral estoppel or laches." See Pls.' Mot. for Leave to Amend 2, ECF No. 79. However, the plaintiffs do not allege any new facts that would demonstrate that this action is not barred by collateral estoppel or laches. Moreover, "[r]epleading matters precluded under the doctrines of res judicata or collateral estoppel would be futile." Doe v. Columbia Univ., 551 F. Supp. 3d 433, 477 (S.D.N.Y. 2021). Accordingly, the proposed amendments also fail to overcome the Court's finding that laches barred the plaintiffs' claims and are therefore futile.

As the plaintiffs concede, their argument that the proposed amendments are not futile depends on the Court granting their motion for reconsideration. See Pls.' Mot. for Leave to Amend 6. Therefore, because the Court denies the plaintiffs' motion for reconsideration, the plaintiffs' motion for leave to amend the complaint is also **denied**.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the foregoing reasons, the

19

plaintiffs' motion for reconsideration and motion for leave to file a second amended complaint are **denied**. The Clerk is directed to close ECF Nos. 75, 78, and 85.[3] The only remaining claim in this case is the defendant's counterclaim. ECF No. 55. The defendant's counterclaim prompted considerable contentious correspondence between the parties.[4] Should the defendant wish to withdraw its counterclaim and dispose of the case, it should advise the Court by **March 13, 2024.** The plaintiffs may respond to any such application five days thereafter.

**SO ORDERED.**

Dated:      **New York, New York**
            **February 28, 2024**

                                          John G. Koeltl
                                   **United States District Judge**

---

[3] The request for oral argument is denied.
[4] After the motion to dismiss and cross-motion for summary judgment were fully briefed, the defendant filed an answer and counterclaim which included a defense of failure to join an indispensable party -- namely the District Attorney's Office of New York County -- because the District Attorney purported to seize the Artwork in place. ECF No. 55. That provoked correspondence in which both sides made arguments, see ECF Nos. 56, 57, 61, and 62, resulting in the defendant's offering to withdraw the defense of failure to join an indispensable party, see ECF No. 64, to which the plaintiffs objected, and the plaintiffs submitted a proposed order pursuant to which the Court would remand the case to the New York State Supreme Court, see ECF No. 68.