```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
--------------------------------------------------------

TIMOTHY REIF, ET AL.,

                Plaintiffs,

    - against -

THE ART INSTITUTE OF CHICAGO, ET AL.,

                Defendants.

23-cv-2443 (JGK)

ORDER

--------------------------------------------------------

JOHN G. KOELTL, District Judge:

    The parties submitted a Rule 26(f) Report and Proposed Scheduling Order. ECF No. 101. The parties disagree on two issues and undertook to submit a revised proposed schedule after the Court ruled on those issues.

    First, the defendant, the Art Institute of Chicago, proposed a two-phase discovery in which the parties would take discovery and have the opportunity to make motions for summary judgment on the issues of the statute of limitations and laches before proceeding to discovery on the merits. The plaintiffs oppose the two-phase discovery.

    The Court agrees with the plaintiffs that discovery in two phases would be wasteful. It would have the potential for discovery followed by summary judgment and a possible appeal that would have the potential for substantial delay. While it is possible that such a proposal could shorten the case, there is

no assurance that it would. It is more efficient to complete all discovery followed by the opportunity to have the possibility of summary judgment on all issues followed by a trial, if necessary, and then a final appeal to the court of appeals. Therefore, there should not be phased discovery in this case.

The second issue is whether there should be a disclosure of experts and the subjects of their testimony prior to the completion of fact discovery, although the submission of expert reports would await the conclusion of fact discovery. The preliminary disclosure of experts and the subjects of their testimony is appropriate because it would allow any fact discovery relating to expert opinions to be conducted before the conclusion of fact discovery. Moreover, experts should be employed sooner rather than later so that any fact discovery needed for expert opinions can be gleaned during fact discovery. Accordingly, experts and their areas of expert testimony should be disclosed prior to the conclusion of fact discovery.

With these two issues determined, the parties undertook to submit promptly a Rule 26(f) Report and Proposed Scheduling Order. The parties should submit a Joint Rule 26(f) Report and Proposed Scheduling Order by **June 11, 2025**.

**SO ORDERED.**

Dated:   New York, New York
        June 5, 2025

_____
John G. Koeltl
**United States District Judge**