**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TIMOTHY REIF and DAVID FRAENKEL, as Co-Trustees of the LEON FISCHER TRUST FOR THE LIFE AND WORK OF FRITZ GRÜNBAUM and MILOS VAVRA,<br>*Plaintiffs*,<br>v.<br>THE ART INSTITUTE OF CHICAGO,<br>*Defendant*, and<br>An Artwork *RUSSIAN PRISONER OF WAR* (1916) by Artist Egon Schiele,<br>*Defendant-in-rem.* | Case No. 1:23-cv-2443 (JGK)<br><br>**JOINT STATUS REPORT** |

Pursuant to the Court's Order dated October 2, 2026, *see* ECF 130, Plaintiffs Timothy Reif and David Fraenkel, as co-trustees of the Leon Fischer Trust for the Life and Work of Fritz Grünbaum (the "Trust") and Plaintiff Milos Vavra (collectively, "Plaintiffs") and Defendant The Art Institute of Chicago ("AIC") (collectively, the "Parties"), by and through their respective counsel, hereby submit the following joint status report. For the reasons set forth below, the Parties respectfully request that the stay in this action be lifted and that the Court permit the parties one week—until November 13, 2026—to confer on and submit a proposed scheduling order.

## I. BACKGROUND

The claims in this action concern a watercolor drawing by Egon Schiele titled *Russian War Prisoner* (the "Artwork"). The Artwork also is the subject of a state court criminal proceeding in New York. On April 23, 2025, the Supreme Court of New York County entered an order in the criminal proceeding instructing AIC to surrender the Artwork to a designated Homeland Security Investigations agent, to be turned over to the heirs of Fritz Grünbaum. *See Matter of Art Inst. of*

*Chicago*, 85 Misc. 3d 1265(A), 231 N.Y.S.3d 816 (Sup. Ct. 2025). The Supreme Court's order was stayed pending AIC's appeal.

On June 11, 2025, the Parties filed a joint request to stay this action pending AIC's appeal in the criminal proceeding. ECF 124. In seeking that stay, Plaintiffs' position was that if the Appellate Division were to affirm the Supreme Court's order instructing AIC to surrender the Artwork to Grünbaum's heirs, Plaintiffs' claims in this action—and any forthcoming counterclaims AIC could assert—would be moot. AIC agreed that the Appellate Division's decision could impact this case, and that it therefore would be inefficient for this litigation to proceed while that appeal was pending.

On June 12, 2025, this Court granted the Parties' request for a stay. ECF 125. The Court further directed the Parties to file a joint status report within fourteen days of the disposition of AIC's appeal in the criminal proceeding. *Id.*

On September 17, 2026, the Appellate Division issued a decision and order holding, among other things, that the New York Penal Law did not authorize the Supreme Court to resolve the dispute over title to the Artwork, and that, therefore, the issue of title should be determined in this civil action—not through the state court criminal proceeding. *See Matter of Art Inst. of Chicago*, No. 2025-02524, 2026 WL 2752367 (App. Div. 1st Dep't Sept. 17, 2026).

The Appellate Division's decision stated that enforcement of its order would be stayed for thirty days—presumably to allow time for the District Attorney to seek leave to appeal to the Court of Appeals before the order becomes effective.

On October 1, 2026, the parties submitted a joint status report requesting that this Court maintain the stay of this action until at least November 2, 2026—which is fourteen days following the expiration of the Appellate Division's thirty-day stay period. ECF 129. On October 2, 2026,

the Court issued an Order granting the parties' request and directing the parties to submit another status report on November 6, 2026. ECF 130.

## II. THE PARTIES' JOINT REQUEST TO LIFT THE STAY

Appellate Division's thirty-day stay period now has expired and—to the parties' knowledge—the District Attorney has not sought leave to appeal to the Court of Appeals. Accordingly, the parties respectfully request that the Court lift the stay in this action. The parties further request that the Court permit the parties one week, until November 13, 2026, to confer on and submit a proposed scheduling order for the Court's consideration.

DATED: November 6, 2026

**KELLEY DRYE & WARREN LLP**

By: */s/ Elizabeth N. Krasnow*
Elizabeth N. Krasnow
Genna S. Steinberg
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
ekrasnow@kelleydrye.com
gsteinberg@kelleydrye.com

*Counsel for Plaintiffs Timothy Reif and David Fraenkel, as Co-Trustees of the Leon Fischer Trust for the Life and Work of Fritz Grünbaum*

**DUNNINGTON BARTHOLOW & MILLER LLP**

By: */s/ Raymond J. Dowd*
Raymond J. Dowd
Claudia G. Jaffe
230 Park Avenue, 21st Floor
New York, NY 10169
Telephone: (212) 682-8811
Facsimile: (212) 661-7769
rdowd@dunnington.com
cjaffe@dunnington.com

*Counsel for Plaintiff Milos Vavra (a 50% co-heir of Fritz Grünbaum)*

**WILSON SONSINI GOODRICH & ROSATI P.C.**

By: */s/ Morris J. Fodeman*
Morris J. Fodeman
31 West 52nd Street
Fifth Floor
New York, NY 10019-6118
Telephone: (212) 999-5800
mfodeman@wsgr.com

Luis Li (admitted *pro hac vice*)
Matthew Donohue (admitted *pro hac vice*)
953 East Third St., Suite 100
Los Angeles, California 90013
Telephone: (323) 210-2900
Facsimile: (866) 974-7329
luis.li@wsgr.com
mdonohue@wsgr.com

*Counsel for Defendant The Art Institute of Chicago*